# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAUL F. MILAM | : |
| Plaintiff, | : Case No. 2:11-cv-77 |
| v. | : JUDGE ALGENON L. MARBLEY |
| AMERICAN ELECTRIC POWER LONG TERM DISABILITY PLAN, | : Magistrate Judge Elizabeth Preston Deavers |
| Defendant. | : |

## OPINION AND ORDER

## I. INTRODUCTION

In this ERISA case, Plaintiff Paul Milam ("Plaintiff" or "Milam") alleges that Defendant American Electric Power Long Term Disability Plan (the "Plan") violated its terms when it offset Milam's third party settlement proceeds from future long-term disability benefits and requested reimbursement for net overpayments. The Plan and its fiduciary ("Counter-Claimants" or "Defendants") brought a counter-claim against Milam requesting that this Court: enforce the Plan; impose a constructive trust on alleged overpaid benefits in Milam's possession; uphold the Plan's right to obtain reimbursement from Milam; and offset Milam's future benefits for 60 months. In an opinion and order dated September 24, 2012, this Court ordered that the parties brief whether Milam had been made whole by his recovery from the third party settlement, and ordered that Milam's benefits be reinstated pending a determination on that issue.

This matter is now before the Court on Defendants' Motion for Remand and to Stay Briefing Schedule, (Doc. 43), and Milam's Motion to Direct the Plan to Disburse Plaintiff's

Benefits, (Doc. 45). For the following reasons, Defendants' Motion for Remand and to Stay Briefing Schedule is **DENIED** and Milam's Motion to Direct Disbursement is **GRANTED**.

The parties are **ORDERED** to brief the issue of whether Milam has been made whole. The parties should file opening briefs in 21 days, or by **December 18, 2012**, and response briefs 14 days thereafter, or by **January 2, 2013**. Milam's benefits shall be reinstated, retroactive to the initial date of their cessation, until there has been a determination as to whether he has been made whole. Defendants are **ORDERED** to remit to Plaintiff the sums previously withheld within 30 days, or by **December 27, 2012**.

## II. BACKGROUND

### A. Relevant Facts

American Electric Power ("AEP") employed Milam for 30 years. On October 29, 2006, he was severely injured in an automobile accident. As a result of the accident, he was unable to return to work.

Milam is a participant in the Plan, which is sponsored and maintained by AEPSC. After the automobile accident, the Plan determined that Milam met its disability benefit eligibility requirements, and he began receiving long-term disability benefits on May 5, 2007, in the amount of $3,915 per month. In 2008, the Plan received information that Milam was receiving Social Security Disability Insurance in the amount of $2,025 per month. Pursuant to the Plan terms, Milam's monthly long-term disability benefits were reduced by his Social Security Disability Insurance to $1,890 per month.

Milam and his wife filed a lawsuit against the person involved in the automobile accident and his insurance company. The lawsuit was settled in April 2008, and pursuant to the settlement agreement, Milam, his wife, and his attorney received a check in the amount of

$250,000 (the "Settlement"). The release signed by the Milams did not allocate the proceeds of the Settlement between them, and their attorney, nor were the proceeds allocated to specific costs and expenses (for example, past and future medical expenses or lost wages). The Plan did not receive information about the settlement until August 8, 2009.

Prudential Insurance Company of America ("Prudential") is the third party claims administrator that has the authority and responsibility for administering the Plan's claims and review process. Prudential sent a letter to Milam dated September 21, 2009, explaining it would be offsetting Milam's settlement per the Plan provisions for a period of 60 months, and detailing Milam's appeal rights. (AR 0153-54.)[1] In another letter, dated October 6, 2009, Prudential explained that the overpayment of long-term disability benefits totaled $31,628.89. (AR 0152.) After adjusting for applicable taxes, the net overpayment was $29,732.20, which is the amount Prudential said Milam owed. (*Id.*) When broken down by year, the overpayment was $16,508.89 in 2008 and $13,223.31 in 2009. (AR 0005.) The letter requested that Milam fully reimburse the Plan for the overpayment by October 30, 2009. (AR 0152.) The Plan further sought to offset the benefits Milam received over the 60 month period beginning on the day he received his lump sum payment, April 21, 2008.

Milam requested that Prudential reconsider its decision to offset his long-term disability benefits, and to claim overpayment and seek repayment in the amount of $29,723.20. That administrative proceeding generated an extensive record. (*See* AR 0001-0465.) Evidence adduced before the administrator included accident reports, physician reports, copies of the settlement agreement, communications between the parties, and affidavits from the Milams regarding some medical costs, attorney fees, and Mrs. Milam's claims for reimbursement as her

---

[1] "AR" is a citation to the Administrative Record, (Doc. 37), which is bates stamped.

3

husband's caretaker. (*See* AR 051-64, AR103-123.)

On May 4, 2010, Prudential issued a decision finding that its initial determination was correct. (AR 0130.) Prudential advised that, pursuant to the Plan's right of subrogation, Milam had to reimburse the Plan for the full amount of benefits paid under the Plan after he received the settlement award, regardless of whether he had been made whole. (AR 0131.) The letter instructed Milam that he could appeal the decision for a second time. (AR 0132.) Instead, in January 2011, Milam filed this lawsuit.

The parties filed cross-motions for judgment on the administrative record and Counter-Claimants moved for summary judgment. (Doc. 30, 31.) In an opinion and order dated September 24, 2012, this Court denied Plaintiff's motion for judgment on the administrative record, denied the Plan's motion for judgment on the administrative record, and denied Counter-Claimants' motion for summary judgment. (Doc. 42.) This Court held that the language in the Plan failed to disavow sufficiently the "make whole" rule and ordered the parties to brief the issue of whether Milam has been made whole by his recovery in the Settlement. This Court also ordered that Milam's benefits be reinstated until a determination was made on that issue.

### III. LAW AND ANALYSIS

*A. Propriety of Remand*

Defendants argue that the administrative record in this case is insufficient to make a determination of whether Milam has been made whole and move that the question be remanded to the administrator for further fact-finding. (Doc. 43.) Plaintiff opposes such remand. (Doc. 44.)

As explained in this Court's prior opinion and order, (Doc. 42 at 6), the Court applies the "arbitrary and capricious" standard of review to the administrator's determination and must base its decision solely upon evidence in the administrative record. *Wilkins v. Baptist Healthcare*

*Sys., Inc.*, 150 F.3d 609, 613, 619 (6th Cir. 1998). The administrator's decision to subrogate Milam's benefits without first determining whether he had been made whole was impermissible. (Doc. 42 at 14.) Having so found, the Court need not remand to the administrator for further fact finding if "the record clearly establishes that [the claimant] is … entitled to judgment in [his] favor." *Helfman v. GE Group Life Assure. Co*., 573 F.3d 383, 395 (6th Cir. 2009). Conversely, "'where the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which he was clearly entitled,' remand to the plan administrator is the appropriate remedy." *Cooper v. Life Ins. Co. of N. Am.,* 486 F.3d 157, 171 (6th Cir.2007) (quoting *Elliott v. Metro. Life Ins. Co.,* 473 F.3d 613, 622 (6th Cir. 2006)). *See, e.g*. *Cooper,* 486 F.3d at 172-73 (declining to remand to administrator where clearly entitled to benefits); *Glenn v. Metro. Life Ins. Co.,* 461 F.3d 660, 675 (6th Cir. 2006) (awarding retroactive benefits in lieu of remand), *aff'd on other grounds,* 554 U.S. 105 (2008); *Kalish v. Liberty Mutual / Liberty Life Assurance Co.,* 419 F.3d 501, 513 (6th Cir. 2005) (awarding retroactive benefits and declining to remand to administrator); *Williams v. Int'l Paper Co.,* 227 F.3d 706 (6th Cir. 2000) (awarding retroactive benefits where evidence clearly establishes disability); *Helfman*, 573 F.3d at 395 (remanding to administrator for full inquiry where not clearly entitled to benefits)*; Elliott*, 473 F.3d at 622-23 (same); *Smith v. Cont'l Cas. Co.,* 450 F.3d 253, 255 (6th Cir. 2006) (same)*.*

      Here, the question of whether Milam has been whole has not been briefed. Thus, the Court has yet made no determination as to whether this record clearly establishes that one party or the other is entitled to relief. Defendants' petition for remand is therefore premature. Milam points to a range of evidence in the record which he believes shows that his damages far exceed his recovery, (Doc. 44 at 2), including information related to medical expenses, pain and suffering, lost wages, attorney fees, and Mrs. Milam's claims to portions of the Settlement

award. Defendants counter that this evidence is not sufficient, reliable, and/or relevant. (Doc. 46 at 1-3.) These objections, however, do not weigh in favor of remand at this juncture.

As a threshold matter, the sufficiency of the evidence in the record is a matter to be briefed by the parties. Judicial economy and efficiency dictate against ordering additional fact-finding when the answer may well be clear on the existing record. Furthermore, to the extent that the record contains specific, previously undisputed evidence that bears on Milam's damages or the amount of his recovery, the Plan is not entitled to object to its validity for the first time now. As the Sixth Circuit has explained, "[p]lan administrators should not be given two bites at the proverbial apple …. They need to properly and fairly evaluate the claim the first time around; otherwise they take the risk of not getting a second chance, except in cases where the adequacy of claimant's proof is reasonably debatable." *Cooper*, 486 F.3d at 172. Finally, while questions of plan construction warrant deference to the administrator's interpretive authority, *see Conkright v. Frommert*, 130 S.Ct. 1640, 1643 (U.S. 2010), the relevance of various figures to the make-whole calculation is a question of law. Thus, to the extent that the Plan contests the legal significance of potentially dated medication expenses, lost wages, or Mrs. Milam's claims to the Settlement, those arguments are properly resolved by this Court.

If, after examining the record and deciding any outstanding legal questions, the Court the court determines that neither party is clearly entitled to judgment, it will remand for further fact-finding at that time. *See Helfman*, 573 F.3d at 395.

The Court therefore **ORDERS** the parties to brief the issue of whether Milam has been made whole before this Court. The parties should file opening briefs in 21 days, or by **December 18, 2012**, and response briefs 14 days thereafter, or by **January 2, 2013**.

*B. Reinstatement of Benefits*

In its September 24th opinion and order, (Doc. 42), this Court ordered that "Milam's benefits … be reinstated until a determination has been made regarding whether he has been made whole." (Doc. 42 at 15.) The Plan has construed this Court's order to require only that prospective benefits be reinstated, while benefits previously withheld are merely "held in trust for [Milam] pending the Court's final adjudication of this matter." (Doc. 43 at 3.) The Plan suggests that this bifurcated approach is appropriate because Milam's entitlement to those funds is still in dispute. Plaintiff challenges Defendants' construction as a violation of this Court's order and moves that all retroactive benefits be promptly disbursed to Milam. (Doc. 45.)

Defendants' withholding of retroactive benefits is inconsistent with this Court's prior order and relevant Sixth Circuit case law. As this Court explained previously, the Sixth Circuit has held that, where benefits "have '*never been properly revoked*[,].… they should continue until a decision regarding the potential revocation of . . . benefits has been properly determined.'" *Wenner v. Sun Life Ins. Co. of Canada*, 482 F.3d 878, 883 (6th Cir. 2007) (emphasis in original) (quoting *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 599 (6th Cir. 2001)). The Sixth Circuit has further made clear that, "[u]nder these circumstances, it is appropriate to reinstate all benefits *beginning from the invalid termination*." *Id.* (emphasis added).

That Milam's entitlement to those funds remains in dispute does not change the result. In *Sanford*, the Court ordered that benefits rescinded in a procedurally improper manner be reinstated. *Sanford*, 262 F.3d at 599. The *Sanford* Court then remanded the question of whether the beneficiary was indeed eligible to receive them, *id.*, thereby making him potentially liable for overpayments should he fail to establish eligibility. The remedy here is the same.

Indeed, the material inquiry in this case is not whether Milam's entitlement to the funds contested – or even whether he is likely succeed on his claims – but rather whether Milam is "in

7

the position he … would have occupied but for the defendant's wrongdoing." *Wenner*, 482 F.3d at 883 (alterations in original) (quoting *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 618 (6th Cir. 1998)). Here, prior to the Plan's improper cessation, "'the status quo was that [Milam] was receiving long-term disability benefits' and 'the appropriate remedy is an order … directing [the Plan] to reinstate retroactively the benefits.'" *Wenner*, 482 F.3d at 884 (quoting *Schneider v. Sentry Group Long Term Disability Plan,* 422 F.3d 621, 630 (7th Cir. 2005)). The Court's September 24 order to reinstate benefits had precisely that retroactive effect.

The Court therefore now **ORDERS** the Plan to pay over all benefits previously withheld, retroactive to the date on which the Plan improperly ceased payments, within 30 days of this opinion and order, or by **December 27, 2012**.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Remand and to Stay Briefing Schedule is **DENIED** and Milam's Motion to Direct the Plan to Disburse Plaintiff's Benefits is **GRANTED**. The Court **ORDERS** that the issue of whether Milam has been made whole be briefed in this Court. The parties should file opening briefs in 21 days, or by **December 18, 2012**, and response briefs 14 days thereafter, or by **January 2, 2013**. The Court further **ORDERS** that Milam's benefits be reinstated, retroactive to the initial date of their cessation, until there has been a determination as to whether Milam has been made whole. Defendants are to remit to Plaintiff the sums previously withheld within 30 days, or by **December 27, 2012.**

**IT IS SO ORDERED.**

<u>s/ Algenon L. Marbley</u><br>
**Algenon L. Marbley**<br>
**United States District Judge**

**Dated: November 27, 2012**